# EXHIBIT 1



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DAVID STRUMSKY
Vs.                                                C.A. No.    2010 CA 007248 B
WASHINGTON POST COMPANY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JOHN M MOTT
Date:  September 28, 2010
Initial Conference: 9:30 am, Friday, January 14, 2011
Location:  Courtroom 112
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001                                              Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room 5000
Washington, D.C. 20001   Telephone: 879-1133

David Strumsky

*Plaintiff*

vs.

Washington Post Company, 1150 15th St., NW,
Washington, D.C. 20071

*Defendant*

Civil Action No. 0007248-10

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room 5000 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Paul V. Bennett, Esq.

Name of Plaintiff's Attorney

133 Defense Hwy., Ste. 209

Address

Annapolis, Maryland 21401

410-974-6000

Telephone

By _____ Deputy Clerk

Date 09/28/2010

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA 5000.

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM 5000.

Form CV(6)-454/Mar. 98

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

AND   If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room 5000 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

IN THE SUPERIOR COURT FOR THE
DISTRICT OF COLUMBIA

REC'D Civil Clerk Office
SEP 2 8
Superior Court of the
District of Columbia
Washington, D.C.

| | | |
|---|---|---|
| DAVID STRUMSKY<br>7706 Edgewood Avenue<br>Pasadena, Maryland 21122 | )<br>)<br>) | |
| Plaintiff, | ) | |
| v. | ) | Case No. **0007248-10** _____ |
| WASHINGTON POST COMPANY<br>1150 15TH STREET, N.W.<br>WASHINGTON, DC 20071 | )<br>)<br>) | |
| RESIDENT AGENT:<br>C T CORPORATION SYSTEM<br>1015 15TH STREET, N.W., SUITE 1000<br>WASHINGTON, DC 20005 | )<br>)<br>)<br>) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, David Strumsky, by and through his attorneys, Paul V. Bennett, Esq. and the Law Office of Paul V. Bennett, P.C., hereby sues The Washington Post Company (hereinafter "Washington Post") and states:

1. David Strumsky is a resident of the State of Maryland.

2. Washington Post is a corporation organized in the State of Deleware with its principal place of business located in the District of Columbia and in the business of producing and distributing a national periodical.

3. Mr. Strumsky was employed by the Washington Post from 1987 through July 15, 2009, as a Machinist.

1

4. In 2009, Washington Post offered its employees an opportunity to participate in the Voluntary Retirement Incentive Program (hereinafter "VRIP"), which provided that eligible employees must enroll in this program prior to June 30, 2009.

5. Mr. Strumsky received his documentation advising he was an eligible employee on or about June 10, 2009.

6. Prior to June 30, 2009, Mr. Strumsky contacted Washington Post personnel, including, but not limited to, Diana Kay, to accept the VRIP.

7. In early July of 2009, Mr. Strumsky contacted Washington Post's Vice President of Production and advised that he wanted to enroll in the VRIP.

8. Washington Post did not respond to Mr. Strumsky until after June 30, 2009. At that time, Washington Post advised Mr. Strumsky that he had missed the June 30, 2009 deadline to enroll in the VRIP.

9. Other employees of Washington Post, including, but not limited to Ricardo Cobb and James Parrott, were permitted to enroll in the VRIP after the June 30, 2009 deadline, Mr. Cobb did so in December of 2009 and Mr. Parrott did so in March of 2010.

**COUNT I**
**Violation of the Employee Retirement Income Security Act**
**29 U.S.C. § 1001, et seq.**

10. Plaintiff hereby restates and incorporates paragraphs 1 through 9 as though fully stated herein.

11. The VRIP is a retirement pension plan within the scope and subject to the provisions of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1001, et seq.

2

12. The deadline of June 30, 2009, for employees to enroll in the VRIP constituted a "blackout" date, as that term is defined by ERISA, 29 U.S.C. § 1021(i)(7).

13. Pursuant to ERISA, an employee is entitled to be notified at least thirty (30) days in advance of any applicable "blackout" in an enrollment period of a covered plan.

14. As the Washington Post did not provide Mr. Strumsky notice of the VRIP deadline until on or about June 10, 2009, Mr. Strumsky was only afforded twenty (20) days notice.

15. As a result of Washington Post's failure to properly notify Mr. Strumsky, he was not afforded the appropriate amount of time to have his retirement options reviewed by his financial consultant and accountant, incurred losses relating to his retirement benefits he would have received under the VRIP, and attorney's fees.

WHEREFORE, Mr. David Strumsky, Plaintiff, demands that this Honorable Court to rule in his favor and declare that he is entitled to be enrolled in Washington Post's Volunteer Retirement Incentive Program and award Mr. Strumsky compensation for the amount lost due to being denied enrollment in the VRIP, which will be established at trial, with prejudgment interest, his attorney's fees, court costs, and any other relief this Court determines to be just and proper.

## COUNT II
**Breach of Contract**

16. Plaintiff hereby restates and incorporates paragraphs 1 through 9 as though fully stated herein.

17. Washington Post's notification to Mr. Strumsky of his eligibility to enroll in the VRIP constituted a legal offer.

18. Mr. Strumsky's subsequent notification in late June of 2010 to Washington Post of his desire to enroll in the VRIP constituted an acceptance on his part.

19. At the time of Mr. Strumsky's notification to accept the VRIP offer, the parties entered into a legally binding contract.

20. Washington Post breached its contract with Mr. Strumsky by not allowing him to complete the necessary enrollment in the VRIP and denying him the benefits to be afforded him as a result.

21. As a result of Washington Post's breach, Mr. Strumsky has incurred losses relating to his retirement benefits he would have received under the VRIP, and attorney's fees.

WHEREFORE, Mr. David Strumsky, Plaintiff, demands that this Honorable Court to rule in his favor and declare that he is entitled to be enrolled in Washington Post's Volunteer Retirement Incentive Program and award Mr. Strumsky compensation for the amount lost due to being denied enrollment in the VRIP, which will be established at trial, with prejudgment interest, his attorney's fees, court costs, and any other relief this Court determines to be just and proper.

## COUNT III
**Breach of Fiduciary Duty**

22. Plaintiff hereby restates and incorporates paragraphs 1 through 9 as though fully stated herein.

23. Washington Post and its employees, including, but not limited to, James Coley, Catherine Wymeth, and Diana Kay, administered the VRIP and made the determination to allow enrollment by employees after June 30, 2009.

24. The aforementioned individuals, acting in the course and scope of their employment with Washington Post, owed Mr. Strumsky and all the VRIP's participants and beneficiaries a fiduciary duty of fair treatment and equal loyalty.

25. This duty was breached by employees of the Washington Post when they permitted other employees, including, but not limited to, Richard Cobb and James Parrott, to enroll in the VRIP after June 30, 2009, but refused to allow Mr. Strumsky to similarly enroll.

26. As a result of Washington Post's breach, Mr. Strumsky has incurred losses relating to his retirement benefits he would have received under the VRIP, and attorney's fees.

WHEREFORE, Mr. David Strumsky, Plaintiff, demands that this Honorable Court to rule in his favor and declare that he is entitled to be enrolled in Washington Post's Volunteer Retirement Incentive Program and award Mr. Strumsky compensation for the amount lost due to being denied enrollment in the VRIP, which will be established at trial, with prejudgment interest, his attorney's fees, court costs, and any other relief this Court determines to be just and proper.

## COUNT IV
## Promissory Estoppel

27. Plaintiff hereby restates and incorporates paragraphs 1 through 9 as though fully stated herein.

28. Prior to June 30, 2009, Diana Kay, Benefits Project Manager for the Washington Post advised that Mr. Strumsky would be allowed to enroll in the VRIP after June 30, 2009, as long as he verbally accepted the VRIP prior to June 30, 2009.

29. Mr. Strumsky relied upon the aforementioned representation, only verbally accepted the VRIP prior to June 30, 2009, and consequently did not vigorously pursue getting the appropriate enrollment documentation back to the Washington Post prior to June 30, 2009.

30. As a result of Mr. Strumsky's reliance upon the aforementioned representation, he has incurred losses relating to his retirement benefits he would have received under the VRIP, and attorney's fees.

5

31. Due to the Washington Post's representations to Mr. Strumsky and their conduct of allowing other individuals to enroll in the VRIP after the June 30, 2009 deadline, Washington Post is estopped from asserting the June 30, 2009 deadline against Mr. Strumsky.

WHEREFORE, Mr. David Strumsky, Plaintiff, demands that this Honorable Court to rule in his favor and declare that he is entitled to be enrolled in Washington Post's Volunteer Retirement Incentive Program and award Mr. Strumsky compensation for the amount lost due to being denied enrollment in the VRIP, which will be established at trial, with prejudgment interest, his attorney's fees, court costs, and any other relief this Court determines to be just and proper.

Respectfully submitted,

_____
Paul V. Bennett, Esq. (D.C. Bar No. 427358)
Law Office of Paul V. Bennett, P.C.
133 Defense Hwy., Suite 209
Annapolis, Maryland 21401
Tel: 410-974-6000
Fax: 410-224-4590

Attorney for Plaintiff