**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DAVID STRUMSKY | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil No. 10-1798 (RCL) |
| WASHINGTON POST COMPANY | ) ) ) |
| Defendant. | ) ) ) |

<u>**MEMORANDUM OPINION**</u>

Plaintiff David Strumsky moves for reconsideration of the Court's February 2012 Order [10] granting defendant Washington Post Company's ("the Post's") motion to dismiss and dismissing the case with prejudice.  Pl.'s Mot. Recons. and Mot. Leave to Amend Compl., ECF No. 12 [hereinafter Pl.'s Mot. Recons.].  Strumsky also seeks leave to amend his Complaint to correct the deficiencies identified by the dismissal Order and Memorandum Opinion.  *Id.*

Upon consideration of Strumsky's Motion, the Post's Opposition [13], Strumsky's Reply [14], the entire record in this case, and the applicable law, the Court will DENY Strumsky's motion for reconsideration and thus also DENY his motion for leave to amend the Complaint.

## I.     BACKGROUND

The facts of this case are described in the Court's 2012 Memorandum Opinion and not repeated in detail here.  *See Strumsky v. Wash. Post Co.*, 842 F. Supp. 2d 215 (D.D.C. 2012).  In a nutshell, Strumsky missed the deadline for submitting enrollment materials for a special early retirement program, the Voluntary Retirement Incentive Program for Washington Post Machinists ("VRIP"), offered by the Post.  Strumsky argues, however, that he orally accepted the

Post's offer to participate before the June 30, 2009 deadline and that he relied on the assurance of a human resources employee that he could submit the required paperwork after the deadline.

Strumsky sued the Post in D.C. Superior Court asserting one claim under the federal Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and three common law claims for breach of contract, breach of fiduciary duty, and promissory estoppel. The Post removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441, and then moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

In its motion to dismiss, the Post argued that Strumsky's ERISA claim failed because the statutory provision upon which he relied did not apply and that his remaining common law claims were preempted by ERISA. Def.'s Mot. to Dismiss 4. Strumsky conceded that the ERISA provision he had cited did not apply and voluntarily dismissed the ERISA claim. Pl.'s Opp'n 2 n.1. However, he argued that the common law claims were not preempted because, contrary to his earlier assertions, the VRIP was "not an employee benefits 'plan' subject to ERISA regulation."[1] Even if the plan were an ERISA plan, he argued that ERISA did not preempt his common law claims. In the alternative to these arguments, he argued that, should the Court find that ERISA preempted his common law claims, those claims "should be converted to ERISA based claims" or that he "should be granted leave to amend." Pl.'s Opp'n 12, 20. He did not move for leave to amend.

The Court determined that the VRIP was an ERISA plan and held that Strumsky's common law claims were preempted by ERISA's expansive statutory civil enforcement scheme. The Court then dismissed the case with prejudice without discussing his alternative argument

---

[1] Strumsky's Complaint alleged that the "VRIP is a retirement pension plan within the scope and subject to the provisions of [ERISA]. Compl. ¶ 11.

that the common law claims "should be converted" to ERISA claims or that he should be granted leave to amend.

Strumsky now asks the Court to reconsider. He does not contest the Court's preemption decision and the Court does not revisit that issue. Instead, he argues only that the Court failed to address his alternative argument that his common law claims should be recast under ERISA and that the Court erroneously dismissed *with* prejudice. Pl.'s Mot. Recons. 3, 5. As discussed in more detail below, these arguments must fail.

## II.    DISCUSSION

### A.    Legal Standard for Reconsideration

Final judgments may be reviewed pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). *See Williams v. Savage*, 569 F. Supp. 2d 99, 108 (D.D.C. 2008). Courts typically treat motions for reconsideration as originating under Rule 59(e) if filed within 28 days of judgment, *see* Fed. R. Civ. P. 59(e), and under Rule 60(b) if filed thereafter, *Owen-Williams v. BB & T Inv. Services, Inc.*, 797 F. Supp. 2d 118, 121–22 (D.D.C. 2011). Because Strumsky's motion was filed within 28 days of judgment, the Court will treat it as arising under Rule 59(e).[2]

Judgments may be reconsidered under Rule 59(e) based on "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal quotation marks omitted). Strumsky appears to argue for reconsideration on the basis of the "clear error" or "manifest injustice" rationales, though he does not explicitly say so.

District courts have "*substantial discretion* in ruling on motions for reconsideration," *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006) (emphasis added), and granting such a

---

[2] This decision should not affect Strumsky's ability to appeal. Whether filed under Rule 59(e) or 60(b), a motion for reconsideration filed within 28 days after the entry of judgment tolls the time to appeal. *See* Fed. R. App. P. 4(A)(iv), 4(A)(vi); *see also Wilburn v. Robinson*, 480 F.3d 1140, 1144 & n.5 (D.C. Cir. 2007).

motion is "unusual," *Firestone*, 76 F.3d at 1208.  District court denials of Rule 59(e) motions are reviewed only for abuse of discretion, though underlying legal questions may be considered de novo.  *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057-58 (D.C. Cir. 1998).

### B.    Reconsideration Is Not Appropriate

Strumsky provides two arguments for reconsideration.  First, he states that the Court, in dismissing his common law claims, did not address his argument that these could be recast under ERISA.  Second, he contends that the Court erred in dismissing the case with prejudice.  Both arguments fail.

### 1.    The Court Did Not Commit Clear Error in Declining to Address Mr. Strumsky's Alternative Arguments

Strumsky is correct that the Court's Memorandum Opinion and Order did not discuss his alternative legal theory.  However, reconsideration is not necessary for two reasons.  First, Strumsky did not formally move for leave to amend his Complaint based on his alternative theories.  Second, even if Strumsky had submitted the proposed Amended Complaint he now puts forth, the Court would not have found that that it plausibly stated a claim.

### a.    Strumsky Failed to Move for Leave to Amend

Although Strumsky raised alternative legal theories in his Opposition, he did not formally move to amend his Complaint based on these theories.  While Federal Rule of Civil Procedure 15(a) directs that courts "should freely give leave [to amend a complaint] when justice so requires," the Rule, "even as liberally construed[,] applies only when the plaintiff actually has moved for leave to amend the complaint; absent a motion, there is nothing to 'be freely given.'" *Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006).  A request for leave to amend as an alternative argument in an Opposition "does not constitute a motion within the contemplation of Rule 15(a)." *Id.* (internal quotation marks omitted); *see also* LCvR 15.1 (requiring that a motion

for leave to file an amended pleading "be accompanied by an original of the proposed pleading as amended").

Strumsky neither included a proposed Amended Complaint with his Opposition nor otherwise demonstrated that he could plead sufficient facts to state a plausible claim for relief. *See Rollins v. Wackenhut Servs., Inc.*, No. 11-7094, 2012 WL 6720361 at *7 (D.C. Cir. Dec. 28, 2012) (citing *Belizan*, 434 F.3d at 582).   In fact, Strumsky's Opposition is not entirely clear regarding how he would cast his claims under ERISA.   He seemed to suggest he could bring suit under § 502(a)(1)(B) "'to recover benefits due to [him] under the terms of the plan and to enforce rights under the plan.'"   Pl.'s Opp'n 15 (quoting 29 U.S.C. § 1132(a)).   He also suggested that he could recover for breach of fiduciary duty under the same ERISA provision, though this is not self-evident. *Id.* at 16 (citing 29 U.S.C. § 1104(a)(1)(D), 1002(21)(iii)).   He did not explain how his promissory estoppel claim could be brought under ERISA.   Finally, contrary to current law and the Post's assertions, he argued that ERISA would not require him to exhaust administrative remedies prior to continuing suit. *Id.* at 13.   As discussed in more detail below, exhaustion is required.

In short, although Strumsky may have suggested that his claims could be brought under ERISA, he did not move for leave to amend and failed to provide sufficient detail regarding how he could successfully state such a claim.

> b. Strumsky's Proposed Amended Complaint Would Fail to State a Claim

Even if Strumsky had submitted the proposed Amended Complaint he now puts forth, the Court would have denied leave to amend because the proposed amendment does not state a plausible claim for relief.   Specifically, it fails to adequately assert exhaustion.   Moreover, even

if Strumsky were to exhaust his administrative remedies, he does not appear to have stated a plausible ERISA claim.

i.     Strumsky has not sufficiently pled exhaustion

The text of ERISA is silent regarding whether exhaustion is required before filing a civil action.  However, given ERISA's requirement that every employee benefit plan "shall" provide for a "full and fair review" of denials of benefits, at least ten circuits, including the D.C. Circuit, have read an exhaustion requirement into the statute.  *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 258–59 (2008).  In *Communications Workers of America v. American Telephone & Telegraph Co.*, 40 F.3d 426 (D.C. Cir. 1994), the D.C. Circuit noted the "well[-]established" requirement that, "barring exceptional circumstances, plaintiffs seeking a determination pursuant to ERISA of rights under their pension plans 'must . . . exhaust available administrative remedies'" before suing in federal court.  *Id.* at 431.

Plaintiffs need not exhaust administrative remedies if it would be "futile because of the certainty of an adverse decision."  *Id.* at 432 (internal citations and quotation marks omitted). This exception is "quite restricted" and applies "only when resort to administrative remedies is clearly useless."  *Id.*  To show futility, plaintiffs "'must show that it is *certain* that their claim will be denied on appeal.'"  *Id.* (internal citation omitted).

Strumsky argues that ERISA does not mandate exhaustion and that the requirement applies as a matter of judicial discretion.[3]  Opp'n 13.  While the D.C. Circuit has said that courts apply the requirement "as a matter of judicial discretion," *id.* at 432, this means only that courts have interpreted ERISA, in the absence of express statutory language, to include an exhaustion requirement.  *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("[W]here Congress has not

---

[3] Strumsky does not explicitly address the exhaustion requirement in his Motion for Reconsideration and for Leave to Amend.  Instead he incorporates by reference the arguments he made in his Opposition to the Post's Motion to Dismiss.  *See* Pl.'s Mot. Recons. 5.

clearly required exhaustion, sound judicial discretion governs."); *see also Boivin v. U.S. Airways, Inc.*, 446 F.3d 148, 153 (D.C. Cir. 2006) (quoting *McCarthy v. Madigan*).   It does not mean districts court may, on a case-by-case basis, decide *whether* to apply the exhaustion requirement.

Strumsky also suggests that exhaustion is not required because "[t]here is no mention in the VRIP Notice of any claims procedure."  Pl.'s Opp'n 14.  Strumsky does not say there was no claims procedure, only that the VRIP Notice did not mention it.   Additionally, he provides no binding legal support for the notion that failure to mention the claims procedure in the notice would excuse him from the exhaustion requirement.[4]  Although the D.C. Circuit does not appear to have addressed the issue, Second and Fifth Circuit precedent suggests that ignorance of a claim procedure does not negate the exhaustion requirement.  *See Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 133 n.2, 134 (2d Cir. 2001) (per curiam) ("[Plaintiff] was required to exhaust even if she was ignorant of the proper claims procedure."); *Bourgeois v. Pension Plan*, 215 F.3d 475, 480 (5th Cir. 2000) (describing a "duty to seek the necessary information even if it has not been made available").   The Court would adopt the reasoning of the Second and Fifth Circuits.

Finally, Strumsky invokes the futility exception to the exhaustion requirement, claiming that he already "attempted to resolve this matter in house before filing suit [by] contact[ing] several member[s] of the Post's management . . . ."  Pl.'s Opp'n 15.  However, even if denial

---

[4] Strumsky cites an Eastern District of New York opinion holding that exhaustion was not a prerequisite to suit in termination cases under ERISA § 510.  *See Novak v. TRW, Inc.*, 822 F. Supp. 963, 969 (E.D.N.Y. 1993).  However, termination cases under this section involve statutory rights rather than claims for benefits under the terms of the plans.  Courts have often treated claims for statutory violations differently from claims for benefits for exhaustion purposes.  This case is thus not persuasive.  It is unclear whether Strumsky intended to rely on the D.C. Circuit's opinion in *Communications Workers* to support his argument that exhaustion is not required because the VRIP Notice contained no mention of it.  *Communications Workers* would not be instructive on this point given that there was no dispute in that case that appellees failed to exhaust the administrative remedies available to them and the case does not suggest any particular notice requirements.  40 F.3d at 432.

were "highly likely," this would not satisfy the "strict futility standard" which requires "a *certainty* of an adverse decision." *Commc'ns Workers*, 40 F.3d at 433 (emphasis added).

         ii.  Strumsky's proposed Amended Complaint does not appear to state a plausible claim under ERISA

   Even if Mr. Strumsky were to demonstrate he had met the exhaustion requirement, it is not clear he could state a plausible ERISA claim.  The Court need not decide this issue because of Strumsky's failure to exhaust.  However, it is worth noting that his proposed Amended Complaint is simply a bare bones amendment of his original Complaint and does nothing to elucidate his ERISA claims.  The proposed Complaint includes several new paragraphs describing the nature of the ERISA action and then simply adds to each of his previous claims the heading "Claim for Benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq."  Strumsky does not identify the particular ERISA cause of action relied upon for each count, nor does he explain how the facts of his case are actionable under ERISA.[5]

   Moreover, it does not appear that Strumsky can bring an ERISA claim.  As to his "breach of contract" claim, Strumsky argues that it is sufficient to merely allege that a verbal acceptance constituted enrollment and that this allows him to pursue benefits.  Pl.'s Reply 4; Pl.'s Opp'n 16.  For this proposition, he suggests that all facts in the Complaint must be accepted as true and thus "since the Complaint alleged that verbal notice was a proper form of acceptance by the Defendant and Mr. Strumsky accepted, a legally binding contract was then formed . . . ."  Pl.'s Opp'n 16.  Strumsky confuses factual allegations with legal conclusions, which the Court need

---

[5] Mysteriously, the proposed Amended Complaint continues to put forth Strumsky's original Count I, which he previously acknowledged was not actionable.  Proposed Am. Compl. ¶¶ 13–18, ECF No. 12-1 at 3; Pl.'s Opp'n 2 n.1.  In his Reply brief, Strumsky states that Count I remains for "clarity of citation" and that he is "no longer contending that the VRIP violated the 'blackout' periods of ERISA" as contended in that claim.  The proposed Amended Complaint also appears to contain conflicting facts regarding when Strumsky verbally notified the Post of his desire to enroll in the VRIP.  Strumsky states that he notified the Post in "early July of 2009," after the deadline, see Proposed Am. Compl. ¶ 10, but also that he verbally accepted prior to June 30, 2009, Proposed Am. Compl. ¶ 32.

not accept as true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").   Strumsky offers nothing more than a conclusory allegation that the Post's notification of his eligibility to enroll in the VRIP was a legal offer and that his oral acceptance formed a legally binding contract.

Moreover, as the Post has pointed out, oral modifications of ERISA plans are disfavored and Strumsky has not shown that the alleged oral modification had any effect.  *See Overby v. Nat'l Ass'n of Letter Carriers*, 601 F. Supp. 2d 101, 108 (D.D.C. 2009) ("[A] proposed amendment not done in accordance with a plan's amendment procedure is ineffective and does not amend a plan."), *aff'd*, 595 F.3d 1290 (D.C. Cir. 2010); *Miller v. Coastal Corp.*, 978 F.2d 622, 624 (10th Cir. 1992) ("An employee benefit plan cannot be modified . . . by informal communications, regardless of whether those communications are oral or written . . . ." (citations omitted)); *Degan v. Ford Motor Co.*, 869 F.2d 889, 895 (5th Cir. 1989) ("[W]e are bound by ERISA's emphatic preference for written agreements . . . .  ERISA mandates that the plan itself and any changes . . .  be in writing. . . .   Hence, we join the other circuits that have held . . . that ERISA precludes oral modifications to benefit plans . . . .").

Strumsky also seeks redress for a "breach of fiduciary duty" under ERISA for which he must show that the Post was acting as a fiduciary with respect to the alleged wrongdoing.  ERISA § 3(21)(A) provides that a person is a fiduciary "to the extent he," among other functions, "exercises any discretionary authority or discretionary control respecting management of such plan . . . [or] has any discretionary authority or discretionary responsibility in the administration of such plan."  However, not everyone who performs services for an ERISA plan is a fiduciary.  *See Nieto v. Ecker*, 845 F.2d 868, 870–71 (9th Cir. 1988).   Persons who perform only

"administrative" or "ministerial functions" are not plan fiduciaries. 29 CFR § 2509.75–8; *In re Luna*, 406 F.3d 1192, 1205 (10th Cir. 2005). Finally, conclusory allegations that a person was acting as a fiduciary are not sufficient. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005); *Custer v. Sweeney*, 89 F.3d 1156, 1163 (4th Cir. 1996). Strumsky's Complaint alleges only that the Post and its employees administered the VRIP and owed Mr. Strumsky a fiduciary duty. Proposed Am. Compl. ¶¶ 26–27. This is not sufficient to allege that the Post was acting in a fiduciary capacity for purposes of the alleged wrongful conduct.

Finally, Strumsky seeks to advance a theory of promissory estoppel under ERISA. However, promissory estoppel has not been universally recognized a cause of action in ERISA suits. *Compare, e.g., Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 85 (2d Cir. 2001) (recognizing that principles of estoppel may apply in ERISA cases under "extraordinary circumstances" which must amount to more than mere "injustice"); *Miller v. Taylor Insulation Co.*, 39 F.3d 755, 758 (7th Cir. 1994) (noting that promissory estoppel is, "in the view of this circuit at any rate, a part of the common law that we have been told . . . to create in order to plug gaps in ERISA" but cautioning that "the policy against oral modifications of ERISA plans . . . may bar using the concept of estoppel to modify the terms of a written plan on the basis of an oral promise") *with Degan*, 868 F.2d at 895 ("[W]e join the other circuits that have held . . . that claims of promissory estoppel are not cognizable in suits seeking to enforce rights to pension benefits."); *Straub v. W. Union Tel. Co.*, 851 F.2d 1262, 1265–66 (10th Cir. 1988) ("ERISA's express requirement that the written terms of a benefit plan shall govern forecloses the argument that Congress intended for ERISA to incorporate state law notions of promissory estoppel.").

Moreover, although the D.C. Circuit recognized a federal common law claim of promissory estoppel related to an ERISA plan in *Psychiatric Institute of Washington, D.C., Inc.*

*v. Connecticut General Life Insurance Co.*, 780 F. Supp. 24 (D.C. Cir. 1992), that case does not appear to provide a cause of action for Mr. Strumsky.  As the Circuit noted, *Psychiatric Institute* related not to an oral agreement to modify a plan, but to a health insurer's oral *interpretation* of an *ambiguous* written plan provision.  *Id.* at 31 n.11.  In contrast, here there was an *unambiguous* written requirement that employees enroll before a set deadline.  Strumsky alleges that the Post verbally modified this requirement, not that the Post verbally interpreted an ambiguous plan provision.  Thus, it does not appear that Strumsky can make out a cause of action under promissory estoppel.

*          *          *

In short, Strumsky's proposed Amendment Complaint fails to assert that he exhausted administrative remedies or to provide adequate support for the notion that administrative remedies were either unavailable or would be futile.[6]  Moreover, even if he were to have exhausted his administrative remedies, the proposed Complaint is otherwise merely a bare bones amendment of his original Complaint that does not appear to show that he is entitled to relief.  Thus, the Court's decision not to address Strumsky's alternative legal theories does not warrant reconsideration.

As discussed below, there is a closer question regarding whether the Court erred in dismissing with prejudice.  However, the Court ultimately finds no "clear error" or the possibility of "manifest injustice."

### 2.    *The Court Did Not Commit Clear Error in Dismissing With Prejudice*

---

[6] In our circuit, the exhaustion requirement appears to be a non-jurisdictional prerequisite to suit which the plaintiff must plead and which may be challenged in a 12(b)(6) motion to dismiss.  *See Boivin v. U.S. Airways, Inc.*, 446 F.3d 148, 158–59 (D.C. Cir. 2006) (requiring dismissal of claims for failure to exhaust administrative remedies); *Commc'ns Workers*, 40 F.3d at 433–34 (holding that the district court abused its discretion by excusing appellees' failure to exhaust at the summary judgment stage and vacating and remanding to the district court with instructions to either dismiss without prejudice or to maintain jurisdiction while appellees pursue administrative remedies).

11

Strumsky argues that dismissal with prejudice is "'the exception, not the rule, . . . because it operates as a rejection of the plaintiff's claims on the merits and ultimately precludes further litigation of them.'"  Pl.'s Mot. Recons. 5 (quoting *Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2011)).  Quoting the D.C. Circuit's opinion in *Firestone*, he states that dismissal with prejudice is "'warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'"  *Id.*

In *Belizan v. Hershon*, the D.C. Circuit considered a procedural scenario much like that at issue here.  At a hearing on a motion to dismiss for failure to state a claim, counsel for the plaintiff orally volunteered that they "probably could, if it was required" file an amended complaint which included the source of certain allegations in the complaint.  434 F.3d at 581. The district court held that this did not amount to a formal motion for leave to amend and dismissed with prejudice, citing the heightened pleading requirements of the securities statute at issue.  The plaintiff moved for reconsideration and for leave to amend the complaint, which the district court also denied.  The D.C. Circuit held that although the district court had not erred in denying leave to amend because the oral offer to amend the complaint was not a proper motion, it had erred in dismissing with prejudice.  "[A] complaint that omits certain essential facts and thus fails to state a claim warrants dismissal pursuant to Rule 12(b)(6) but not dismissal with prejudice."  *Id.* at 583.  The Circuit noted that the "standard for dismissing a complaint with prejudice is high" and quoted *Firestone's* admonition that it is only warranted when a trial court determines that the "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Id.* at 583.  The Court also said that the district court should have "adequately explain[ed], in light of the standard set in *Firestone*" why it dismissed with prejudice.  *Id.* at 580.  The Circuit then vacated the order of dismissal and remanded for the

Court to either dismiss without prejudice or explain its dismissal with prejudice in a manner consistent with the Circuit's opinion. *Id.* at 584.

Despite the apparent similarity with *Belizan*, several factors convince the Court that dismissal with prejudice was not clear error and that reconsideration is thus not warranted.

First, this was not a situation in which the plaintiff failed to plead certain essential facts. Rather, Strumsky's claims were completely preempted by federal law. No additional facts could cure this deficiency. This is unlike *Belizan* where plaintiffs had suggested specific facts that could be added to their existing complaint to state a plausible claim. It is true that Strumsky raised the possibility that he might be able to offer an alternative *legal* theory here. However, it cannot be the case that courts may dismiss with prejudice only when the allegation of any other *legal* theory consistent with the challenged pleading could not possibly cure the deficiency. This would require courts to essentially conduct legal research on behalf of plaintiffs and to potentially rewrite or contemplate the revision of their claims for them.

Second, even if dismissal with prejudice was error, the remedy at this point would be to grant reconsideration, dismiss without prejudice, and allow Strumsky to amend his Complaint. However, his proposed Amended Complaint does not state a claim because, as already discussed, he has failed to exhaust administrative remedies and does not appear to have stated plausible claims under ERISA. Thus, the case would remain dismissed without prejudice even after reconsideration. This would appear to be an "empty exercise" in which courts are not required to engage. *See Norman v. United States*, 467 F.3d 773, 775 (D.C. Cir. 2006) (noting that in the Rule 60(b) reconsideration context, "the movant must give the district court reason to believe that vacating the judgment will not be an empty exercise or a futile gesture" (internal quotation marks and citations omitted)). Moreover, while courts must freely grant leave to amend, and

thus be sparing in dismissing with prejudice, they must also consider the directive that the Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

Finally, although cases like *Belizan* and *Firestone* remain good law, there is a tension between those cases and the Federal Rules of Civil Procedure.  Most recently, in *Rollins v. Wackenhut Servs., Inc.*, the D.C. Circuit upheld Judge Howell's dismissal of a complaint and her simultaneous denial of leave to amend the complaint.  2012 WL 6720361 at *7–8.  Judge Howell did not specify that the dismissal was "with prejudice."  However, the Circuit held that it had this effect given that "'[u]nless the dismissal order states otherwise, [an involuntary dismissal] . . . operates as an adjudication on the merits,'" Fed. R. Civ. P. 41(b), and that "adjudication on the merits in this context means dismissal with prejudice," *Wackenhut*, 2012 WL 6720361 at *7–8 (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001)); *see also Semtek*, 531 U.S. at 505 ("[A]n 'adjudication on the merits' is the opposite of a 'dismissal *without* prejudice.'" (emphasis added)).  Thus, a 12(b)(6) dismissal is with prejudice unless the court states otherwise.

The Circuit restated its instruction from *Firestone* that dismissal with prejudice is warranted "only when . . . the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  76 F.3d at 1209.  The Court held that this standard was met in *Wackenhut* because Judge Howell had denied leave to amend the complaint as "futile," finding that "plaintiff has not indicated that she will be able to plead sufficient facts to state a claim for relief."  The Circuit court noted that any new allegations to support the plaintiff's alternative legal theory would not be "consistent with the challenged pleading," and thus the dismissal met the standard required by *Firestone*.

Although the Court did not overrule *Firestone* or other Circuit pronouncements regarding dismissal with prejudice, its decision could suggest a shift in how district courts approach 12(b)(6) dismissals.  If they are not already doing so, district courts must be careful, in granting a 12(b)(6) motion, to specify whether the dismissal is "with" or "without" prejudice.  If they do not, the dismissal will be construed as with prejudice.  Furthermore, *Belizan* suggests that a district court should engage in a *Firestone* analysis whenever it dismisses a case with prejudice and must "adequately . . . explain, in light of the standard set in *Firestone* . . . why it dismissed . . . with prejudice."  *See Belizan*, 434 F.3d at 580.  Thus, any time a district court dismissed a case under Rule 12(b)(6), it would need to engage in a *Firestone* analysis unless it explicitly stated that the dismissal was with prejudice.

In contrast to the opinion of the court in *Wackenhut*, Judge Kavanaugh's concurring opinion explicitly called into question whether Circuit precedent is aligned with the Rules of Civil Procedure.  Citing *Belizan*, he noted that some Circuit cases suggest dismissal with prejudice is disfavored and impose a "high" bar for Rule 12(b)(6) dismissals with prejudice.  *Wackenhut* 2012 WL 6720361 at *9  (Kavanaugh, J., concurring).  "By their terms, however, it is not evident that the Rules impose such a constraint on the discretion of district courts in issuing 12(b)(6) dismissals with prejudice."  *Id.*  Specifically, Judge Kavanaugh noted:

> By providing that Rule 12(b)(6) dismissal are *with* prejudice *unless* the district court in its discretion states otherwise, Rule 41(b) indicates that Rule 12(b)(6) dismissals are *typically with prejudice* and do not require particular justification by the district court.  That conclusion is buttressed by Rule 41(b)'s proviso that dismissal on certain other grounds—lack of jurisdiction, improper venue, and failure to join a required party—are without prejudice.

*Id.* (emphasis added).

Judge Kavanaugh went on to note that "[a]ny potential unfairness that could otherwise result from this procedural framework" is addressed in two ways.  First, Rule 15(a) allows

plaintiffs to amend a complaint "once as a matter of course" within 21 days after service of a motion to dismiss, or with leave of court beyond this time period.  Second, Rule 41(b) provides that courts may specify that a dismissal is *without* prejudice when warranted.

Thus, Judge Kavanaugh's concurring opinion explicitly suggests that it would not be error for a district court to dismiss with prejudice a complaint that fails to state a claim.[7]

For all of the reasons above, it was not clear error to dismiss with prejudice and reconsideration is not warranted.

## III.    CONCLUSION

The Court did not err in declining to consider Strumsky's alternative legal arguments.  He did not move for leave to amend and his proposed Amended Complaint even now fails to state a claim.  Moreover, it was not error to dismiss the case with prejudice.  This was not a case in which the allegation of other facts could cure the deficiency, Mr. Strumsky does not appear to be able to state a claim, and the case law in this area may be shifting.  Reconsideration is DENIED.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on February, 13, 2013.

---

[7] The Circuit has not addressed whether the Supreme Court decisions in *Bell Atl. Corp. v. Twombly* or *Ashcroft v. Iqbal* and the shift toward plausibility pleading altered the standard for dismissing with prejudice.  Many cases suggesting that dismissal with prejudice is disfavored and that courts should not dismiss with prejudice unless "the allegation of other facts . . . could not possibly cure the deficiency" were decided before *Twombly* and *Iqbal*.  At that time, the Supreme Court's pronouncement still stood that "a complaint should not be dismissed for failure to state a claim unless . . . the plaintiff can prove *no set of facts* . . . which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (emphasis added).